On respondent - cross-petitioner's reconsideration filed August 8, reconsideration allowed; former opinion filed July 6 (63 Or App 827, 665 P2d 879) adhered to November 30, 1983

In the Matter of the Compensation of
William J. Frame, Claimant.

**FRAME,**
*Petitioner - Cross-Respondent,*

*v.*

**CROWN ZELLERBACH,**
*Respondent - Cross-Petitioner.*

(WCB Case 80-07617; CA A24057)

672 P2d 70

Robert E. Joseph, Jr., Ridgway K. Foley, Jr., P.C., and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, for petition.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

We grant employer's petition for reconsideration, because it has been brought to our attention that we did not have all of the exhibits before us when the case was originally considered. We now have received and reviewed the exhibits. We do not find it necessary to change our previous decision, in which we held that claimant had proven that he is entitled to a program of rehabilitation.

Claimant, before his injury, had held a job paying substantially more than the minimum wage. Under the circumstances of this case, we concluded that there is no compelled conclusion that a claimant who has been offered a minimum wage is gainfully employable and, therefore, ineligible for retraining.

■ Employer argues that the missing exhibits disclose that claimant refused to take a job at $6.00 per hour, which is in excess of the minimum wage. However, as we read the exhibits, the job offer was never a reality. On May 6, 1981, claimant had an interview for a position in commercial landscape maintenance with Hubbard Landscaping & Spraying, which was interested in hiring him and scheduled an appointment to negotiate a wage subsidy with Field Services Division on May 18, 1981. On that same date, claimant had told his counselor at Cascade Rehabilitation Counseling that the referee had approved him for a training program and had awarded him additional benefits. On the basis of the fact that claimant thought that he was entitled to vocational rehabilitation, which would qualify him for a position for which his pay would be close to what he would have been making had he not been injured, he decided he was not interested in pursuing the job with Hubbard. Later that day, claimant's counselor discovered that the referee had suggested a training program that was not an authorized one. The next day, claimant contacted his counselor and told him that he was still interested in the landscaping job. However, Hubbard declined to negotiate the wage subsidy and then decided that, because its business was too slow, it did not have an opening. There is no evidence in the record that claimant declined an actual and existing $6.00 per hour job. The additional exhibits have not persuaded us to the contrary.

■     Employer's petition for reconsideration raises other issues as well. We do not feel it necessary to respond to them, except to clarify one part of our original opinion, in which we compared claimant's minimum wage job offers to the $10.50 per hour he would have been making at the time of the hearing had he not been injured. Admittedly, he was earning less than $10.50 per hour at the time of his injury. However, it was appropriate to focus on what his former job had come to pay, not what it paid in the past. We reiterate our opinion that the workers' compensation statutes were not intended to force an injured worker to take a drastic cut in pay instead of being trained for a job paying a comparable wage to what the worker would have been making had he not been injured.

Petition for reconsideration allowed; former opinion adhered to.